FILED'05 OCT 24 10:27USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JENNIFER J. AUSTIN and LYZETTE M. ELSNER, | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 05-6261-TC |
| v. | ) ) | FINDINGS AND RECOMMENDATION |
| THE MEN'S WEARHOUSE, INC., | ) ) ) | |
| Defendant. | ) ) | |

COFFIN, Magistrate Judge.

Presently before the court is defendant's motion (#5) to dismiss.

## BACKGROUND

This is an action brought by two female employees of defendant who allege that they were the subjects of severe and repeated sexual harassment by the managers of the defendant's Salem Center (Oregon) store where they worked. They bring claims under state and federal law alleging

sexual harassment, gender discrimination, battery, assault, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendant now seeks dismissal of some of those claims pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Specifically, defendant seeks to dismiss: (a) the compensatory damages prayer contained in plaintiffs' sexual harassment claims; (b) plaintiffs' intentional tort claims (assault, battery and intentional infliction of emotional distress); and (c) plaintiffs' negligence tort claims (negligent infliction of emotional distress).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b), a complaint may be dismissed on the basis of the pleadings if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In making this determination upon a motion to dismiss, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Id.

## DISCUSSION

### I. Plaintiffs cannot maintain their prayer for compensatory damages on their sexual harassment claims under Oregon law.

Plaintiffs concede that their sexual harassment claims under ORS 659A.030 cannot serve as a vehicle for compensatory damages. See ORS 659A.885(2). To correct the defect in the complaint, plaintiffs offer to file an amended complaint in which they do not seek compensatory damages in these claims. Such seems a reasonable solution to the issue. Plaintiffs should be allowed two weeks from the date this recommendation is adopted to file such; in the event that a corrected complaint

is not filed, defendant's motion as to this issue will be reconsidered.

## II. It is premature to consider defendant's arguments as to plaintiffs' intentional torts.

Defendant alleges that the intentional tort claims brought by plaintiffs must be dismissed because the only defendant is the employer, not the supervising employees who committed the alleged acts, and under Oregon law the employer cannot be held liable under either a direct or vicarious liability theory.

The parties agree on the trilogy of cases - Carr v. U.S. West, 98 Or. App. 30 (Or. App. 1989), Mains v. II Morrow, Inc., 128 Or. App. 625 (Or. App. 1994), and Ballinger v. Klamath Pacific Corp., 135 Or. App. 438 (Or. App. 1995) - that are most applicable to the issue of vicarious liability. These cases employ the same standard, requiring the court to analyze:

(1) Whether the act occurred substantially within the time and space limits authorized by the employment;

(2) Whether the employee was motivated, at least partially, by a purpose to serve the employer; and

(3) Whether the act is of a kind which the employee was hired to perform.

See, e.g., Chesterman v. Barmon, 305 Or. 439, 442 (Or. 1988). Although utilizing the same standard, the individual cases in the trilogy cited above differ slightly in their application of the analysis, and the parties here disagree as to which of the cases should be given more weight. However, the cases do share one trait: they were all decided on summary judgment or later. None considered the question on a motion to dismiss, where the record consists solely of the pleadings and the court does not have the benefit of a full evidentiary record. Defendant asks the court to rule as a matter of law that the claims cannot state a ground for relief, but such is not the case. As conceded by defendant, one of the cases mentioned above found that an employer could be subject to vicarious

3 - FINDINGS AND RECOMMENDATION

liability for the intentional torts of an employee against a co-worker, on less egregious facts than those alleged here. See Mains, supra, 128 Or. App. at 631-635 (noting, inter alia, the Ninth Circuit's discussion in Dias v. Sky Chefs, Inc, 919 F.2d 1370, 1375 (9th Cir. 1990), which found (under Oregon law) that because "the specific egregious act giving rise to an intentional tort claim will rarely be 'of a kind which the employee was hired to perform,' the appropriate inquiry is whether the employee committed the tort while performing, or in connection with, his job responsibilities."). I cannot ignore Oregon and Ninth Circuit precedent allowing for the possibility of vicarious liability in particular fact patterns, nor can I ignore plaintiffs allegations that (a) in engaging in the offensive behavior the supervisors were working on behalf of defendant, that (b) those behaviors specifically were taken on behalf of defendant, and that (c) defendant knew or should have known about the behaviors as they were occurring. Certainly I cannot say that on the face of the pleadings there are no circumstances under which plaintiffs could prevail on their intentional tort claims on a theory of vicarious liability. As such, defendant's motion to dismiss plaintiffs' intentional tort claims pursuant to Rule 12(b)(6) should be denied.

### III. Plaintiffs' negligence claim is precluded by Oregon's workers compensation statutes.

Plaintiffs' negligent infliction of emotional distress claims are, of course, grounded in a negligence theory. Generally, claims brought against an employer by an employee for injuries arising out of or in the course of employment are barred because the workers compensation provisions are the exclusive remedies for such injuries. See ORS 656.018(1)(a).[1] Plaintiffs concede that Oregon precedent provides for dismissal. See, e.g. Harris v. Pameco Corp., 170 Or. App. 164,

---

[1] Intentionally caused injuries, however, are not precluded by the workers compensation statutes. ORS 656.156(2).

4 - FINDINGS AND RECOMMENDATION

173-74 (2000). Because the workers compensation statutes' exclusivity provision and the relevant caselaw unequivocally require that negligence claims for injuries suffered in the course of employment be dismissed in favor of workers compensation claims, plaintiffs' negligent infliction of emotional distress claims should be dismissed.

## CONCLUSION

Defendant's motion (#7) to dismiss should be granted in part and denied in part. It should be granted as to plaintiffs' negligence claims. It should be denied as to plaintiffs' intentional tort claims. It should be denied without prejudice as to plaintiffs' compensatory damages prayer contained in their ORS 659A.030 claims, pending plaintiffs' filing of an amended complaint.

DATED this 24th day of October, 2005.

_____
Thomas M. Coffin
United States Magistrate Judge